IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 14, 2001

## STATE OF TENNESSEE v. MARTY SCOTT SLATTEN

**Appeal from the Criminal Court for White County**
**No. CR416     Lillie Ann Sells, Judge**

---

**No. M2000-01155-CCA-R3-CD - Filed June 27, 2001**

---

The defendant was convicted by a jury of theft of a vehicle worth more than $10,000, a Class C felony, for which he received a fifteen-year sentence as a career offender. He contends that the evidence is insufficient to convict him of theft and that the trial court erred in allowing evidence of his attempt to steal gasoline that led to his arrest. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

David Neal Brady, District Public Defender, and Joe L. Finley, Jr., Assistant Public Defender, for the appellant, Marty Scott Slatten.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; William Edward Gibson, District Attorney General; and William M. Locke, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The case relates to a 1996 Chevrolet S-10 Blazer worth $20,000 that the defendant took from the lot of Edd Rogers Chevrolet in Sparta, Tennessee. On July 22, 1998, approximately 2:00 to 2:30 p.m., the defendant talked with a salesman, Roger Clouse, about buying the Blazer. He completed and signed a credit application using the name George Dotson, a false social security number, and a false address. He told Mr. Clouse that he worked for the White County Highway Department. The defendant received permission to test drive the Blazer and drove it from the lot. Mr. Clouse thought that the defendant seemed normal, not intoxicated.

Around 4:00 to 4:30 p.m., Mr. Clouse noticed that the defendant had not returned the Blazer and decided to run a credit check. He determined that the information given by the defendant was

false and called the Sparta Police Department. The Blazer was ultimately retrieved in damaged condition that required $5,500 in repairs.

Around 7:30 to 8:00 p.m. that night, the defendant drove the Blazer to Big M Market. He paid the owner, Carol Measles, three dollars for gasoline. However, the defendant pumped twenty dollars of gasoline into the Blazer. While he was filling the tank, Mrs. Measles took his keys from the Blazer and returned to the store. She refused to let the defendant have the keys and called the White County Sheriff's Department. The defendant was arrested after 8:15 p.m., and the Blazer was returned to Edd Rogers Chevrolet. Mrs. Measles believed that the defendant was very drunk. The arresting officer described the defendant's condition as "very intoxicated" and "very impaired."

I.

The defendant contends that the evidence failed to show that the defendant intended to deprive the owner of the Blazer of his property as is required for a theft. See Tenn. Code Ann. § 39-14-103. He argues that instead of removing the vehicle from the area, "he became intoxicated and apparently wandered aimlessly about Blount County for five (5) or six (6) hours." He asserts that his conduct reflects joy riding, i.e., taking the Blazer without the consent of its owner but without the intent to deprive the owner thereof. See Tenn. Code Ann. § 39-14-106. The state responds that the defendant's giving false information on the credit application and to the sales person illustrated his intent to deprive Edd Rogers Chevrolet of its property. We agree.

"Deprived" means to "[w]ithhold property from the owner permanently or for such a period of time as to substantially diminish the value or enjoyment of the property to the owner." Tenn. Code Ann. § 39-11-106(a)(8)(A). In the light most favorable to the state, the evidence reflects that the defendant used fraudulence to obtain the Blazer and kept it for his own use until he was arrested approximately six hours later. We conclude that a rational juror could find from the evidence that the defendant was guilty of theft beyond a reasonable doubt. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984).

II.

The defendant contends that he is entitled to a new trial because the trial court erroneously allowed the state to prove that he attempted to steal gasoline which led to his arrest. He argues that the evidence was irrelevant and, to the extent it might be relevant, prejudicial. Relying upon State v. Gilliland, 22 S.W.3d 266 (Tenn. 2000), the state responds that the defendant's theft of gasoline was contextual background evidence that was necessary for a clear presentation of the state's case. We disagree with the state, but we conclude that the context in which the evidence was introduced and the trial court's limiting instruction to the jury renders a remedy unnecessary.

In Gilliland, our supreme court held that under Rule 404(b), Tenn. R. Evid., "contextual background evidence" may be admitted "when exclusion of that evidence would create a chronological or conceptual void in the presentation of the case and that void would likely result in

significant jury confusion concerning the material issues or evidence in the case." 22 S.W.3d at 272. The court viewed the standard to be narrowly drawn relative to other crimes evidence "to avoid the negative implications associated with criminal propensity evidence." Id. Thus, as a practical matter, the standard will rarely be met relative to other crimes that are not otherwise admissible under Rule 404(b). Trial courts and counsel should be reminded that the general rule regarding other crimes evidence remains one of exclusion.

In the present case, in terms of contextual background, the fact that the defendant attempted to steal gasoline six hours after taking the Blazer has absolutely no significance relative to jury confusion concerning material issues or evidence dealing with theft of the Blazer. Moreover, the fact that the defendant was arrested at the Big M Market after 8:15 p.m. and after getting gasoline for the Blazer, and even that he was drunk, could easily be proven without any reference to stealing gasoline. In this respect, we note that the state in its opening statement succinctly related what happened surrounding the arrest without making any reference to theft of gasoline. It is not needed background evidence.

On the other hand, the record indicates that contextual background was not the only basis for the trial court's admission of the evidence. At the jury-out hearing, the state asserted that the defendant's attempted theft of gasoline showed his "overall intention and motive." It noted that the defendant was claiming joy riding and relying upon the fact that he was intoxicated. Frankly, the trial court's expressed reasoning for admitting the evidence is too vague to show to what extent, if any, the state's argument was accepted. However, we would be inclined to consider the gasoline theft as admissible relative to the defendant's intent and motive. The theft happened while he was driving the Blazer on the day that he fraudulently took it from the dealership.

In any event, we note that after Mrs. Measles testified, the trial court instructed the jury that there was no allegation of gasoline theft in the present case, stating that there was "certainly not" proof of such as presented by Mrs. Measles. In other words, not only did the trial court advise the jury that there was no allegation regarding theft of gasoline and that the jury should not consider anything having to do with that, the court also told the jury that the evidence did not prove such a theft. We do not believe that the evidence more probably than not affected the verdict. See T.R.A.P. 36(b).

In consideration of the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
JOSEPH M. TIPTON, JUDGE